IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY ALLEN BARZAR, | § § § | |
| Petitioner, | § § | |
| V. | § § | CIVIL ACTION NO. H-11-2543 |
| RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § § § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending in this case brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 15), in which Respondent argues that Petitioner's claims are time-barred and without substantive merit. Having considered the motion, Petitioner's response(s) and objections thereto (Document Nos. 16 & 24), the claims raised by Petitioner in his § 2254 Application (Document No. 1), the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, and that this § 2254 proceeding be DISMISSED WITH PREJUDICE.

### I. Procedural History

Timothy Allen Barzar ("Barzar") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), as a result of a 1988 conviction for capital murder in 209th District Court of Harris County, Texas, Cause No. 479102, for which he was sentenced to life imprisonment. That conviction was affirmed by Texas' First Court of Appeals

on February 9, 1989, *Barzar v. State*, No. 01-88-00161-CR, and Barzar's petition for discretionary review was thereafter refused by the Texas Court of Criminal Appeals on May 24, 1989.

Barzar is not challenging that conviction in this proceeding. Instead, he is challenging his ineligibility for mandatory supervision release, which he claims he first discovered in August 2009. According to Barzar, his ineligibility for mandatory supervision release, and the attendant effect it has on his accrual of good conduct time credits, violates his right to due process and violates the Constitution's prohibition on ex post facto laws. Barzar raised his claims in a state application for writ of habeas corpus he filed on October 12, 2010. On December 22, 2010, the Texas Court of Criminal Appeals dismissed the application as improperly filed. *Ex parte Barzar*, Application No. WR-75,031-01. Barzar then, on January 28, 2011, properly filed a second state application for writ of habeas corpus. That application was denied by the Texas Court of Criminal Appeals without written order on June 1, 2011, on the findings of the state trial court without a hearing. *Ex parte Barzar*, Application No. WR-75,031-02. This § 2254 proceeding, filed by Barzar on or about July 5, 2011, followed.

## II. Claims

Barzar raises numerous claims, all of which relate to his ineligibility for mandatory supervision release:

> (1) that he "is being denied Due Process of Law under the United States Constitution's Fourteenth Amendment because the Board of Pardons & Paroles has not released him to mandatory supervision, pursuant to Art. 42.18, § 8(c) TCCP (1985) and Art. 6181-1, TCS (1985)";
>
> (2) that he "is being denied Due Process of Law under the United States Constitution's Fourteenth Amendment because a mandatory supervision release date

2

has not been set pursuant to the in pari materia application of subsections (a) (B) & (c), Art. 42.18 § 8";

(3) that he "is being denied Due Process of Law under the United States Constitution's Fourteenth Amendment in the manner in which the maximum time for a life sentence is determined for purposes of mandatory supervision release";

(4) that he "is being denied Due Process of Law under the United States Constitution's Fourteenth Amendment in that he is being arbitrarily and capriciously denied the application of his good conduct time to his maximum term of confinement";

(5) that he "is being denied Due Process of Law under the United States Constitution's Fourteenth Amendment in that the Respondent is construing mandatory supervision as a Commutation of Sentence pursuant to the repealed Art. 6184L, TCS (1943)";

(6) that the "Texas Board of Pardons and Paroles and the TDCJ-ID has, as of August 11, 2009, abrogated over 22 years and 1 month of calendar time served plus over 37 years and 11 months of accrued good conduct time credits by not applying said time credits to Petitioner's eligibility for mandatory supervision release based on the maximum term of confinement, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution"; and

(7) that "Texas instituted retroactive changes in its automatic parole (mandatory supervision) statutes, rules, regulations, policies and practices after the commission date of Petitioner's offense, which presents a significant risk of prolonging Petitioner's incarceration in violation of the prohibition against ex post facto laws in the United States Constitution (Art. 1, §§ 9 and 10)."

§ 2254 Application at pp. 7-10.

Respondent, in his Motion for Summary Judgment, first argues that Barzar's claims are time-barred, having been raised by Barzar years after Barzar knew or should have known that he was ineligible for mandatory supervision release. Additionally, Respondent argues that no relief is available, as a matter of law, on Barzar's claims.

3

**III.    Discussion – Limitations**

28 U.S.C. § 2244(d) provides for a one year limitation period as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the record shows that Barzar was convicted of the felony offense of capital murder and was sentenced to life imprisonment on February 17, 1988. Barzar's conviction became final on or about August 24, 1989, ninety (90) days after Barzar's petition for discretionary review was refused by the Texas Court of Criminal Appeals, when the time expired for him to file a petition for certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1) (the limitations period shall run from "the expiration of the time for seeking [direct] review"); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review' – when this Court affirms a conviction on the

4

merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."); SUP. CT. R. 13.1 ("[A] petition for writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Respondent argues that because Texas has never released those serving life sentences onto mandatory supervision, Barzar knew or should have known at the time of his conviction in 1988 about his claims related to his ineligibility for mandatory supervision release. Respondent additionally argues that Barzar knew or should have known about his claims as of December 19, 2001, the date the Texas Court of Criminal Appeals decided *Ex Parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001), and held that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." According to Respondent, Barzar's § 2254 application, filed on or about July 5, 2011, was filed over eight years too late.

In determining the starting date for purposes of § 2244(d)'s one year limitations period, § 2244(d) itself states that the limitations period is to run from the *latest* of the four possible dates. Here, because none of Barzar's claims are based on a constitutional right newly recognized by the Supreme Court, § 2244(d)(1)(C) has no applicability. In addition, because there has been no showing that Barzar was impeded by "State action" from filing a § 2254 application, § 2244(d)(1)(B) also has no applicability.[1] As for the remaining provisions of § 2244(d), Barzar's conviction was

---

[1] Barzar argues in his response to Respondent's Motion for Summary Judgment that § 2244(d)(1)(B) does apply because he was impeded by the existence of the *Franks* decision from seeking either state or federal habeas relief. No court has ever held that a state court decision, which has not been overturned, can somehow constitute a state action that impeded the filing of a § 2254 application. For § 2244(d)(1)(B) to apply, the petitioner must show that: "(1)

5

final on May 24, 1989, and Barzar knew or should have known on December 19, 2001, by virtue of the Texas Court of Criminal Appeals' decision in *Franks*, that he was not, and would not ever be, eligible for mandatory supervision release. *See Eastman v. Thaler*, 2010 WL 786582 *2 (S.D. Tex. 2010) ("The Court finds that even if Petitioner could not have predicted the factual predicate for his claims regarding mandatory supervision at the time he was sentenced in 1988, he could have discovered these claims in 2001 when the Texas Court of Criminal Appeals issued its opinion in *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001)."). As the later of these two dates is December 19, 2001, § 2244(d)'s statute of limitations ran from December 19, 2001, and expired one year later, on December 19, 2002. Barzar's § 2254 application, filed on July 5, 2011, is over eight years too late. In addition, the filing by Barzar of two state applications for writ of habeas corpus on October 12, 2010, and January 28, 2011, respectively, had no effect on the limitations period under § 2244(d)(2) because both were filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for writ of habeas corpus did not toll § 2244(d)'s limitation period where the state application for writ of habeas corpus "was not filed until *after* the period of limitation had expired") (emphasis in original), *cert. denied*, 532 U.S. 963 (2001). Barzar's claims, and this § 2254 proceeding, are therefore untimely. *See, e.g., Eastman*, 2010 WL 786582 at *2; *Stewart v. Thaler*, 2010 WL 2900343 *3 (N.D. Tex. 2010) (holding that the facts supporting petitioner's mandatory supervision claims "became known or could have become

---

he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Barzar has not made any of those showings. In addition, here, the *Franks* decision about which Barzar complains sets forth the substantive law in Texas and provides a date by which petitioners such as Barzar either knew or should have known that their life sentences made them ineligible for mandatory supervision release. The decision itself can therefore not be said to have "prevented" Barzar from filing a timely § 2254 application.

known to him with the exercise of due diligence no later than October 2, 2002," when the Fifth Circuit in *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) acknowledged and deferred to the Texas Court of Criminal Appeals' decision in *Franks*). In addition, under the standard set forth by the Supreme Court in *Holland v. Florida*, 130 S.Ct. 2549 (2010), equitable tolling is not available to save Barzar's claims from dismissal under § 2244(d).

In *Holland*, the Supreme Court, while noting that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," set forth a two part test for the application of equitable tolling in a federal habeas corpus proceeding. First, the petitioner must show that "he has been pursuing his rights diligently." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Second, the petitioner must show that "'some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* Here, given the longstanding *Franks* decision, and Barzar's failure to identify any extraordinary circumstance which prevented his timely filing of a § 2254 application, equitable tolling is not available.

## IV.    Discussion – Merits

Notwithstanding the fact that Barzar's claims are time-barred, Barzar is not entitled to any relief on the merits of his claims as a matter of law. As set forth above, the Texas Court of Criminal Appeals in *Franks* held, unequivocally, that "a life-sentenced inmate is not eligible for release to mandatory supervision" because "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Franks*, 71 S.W.3d at 328. The inmate in *Franks* was sentenced to life imprisonment for a crime he committed in 1981. *Id.* Barzar was sentenced to life

imprisonment for a crime he committed in 1987. As the calculation language in the mandatory supervision law at issue in *Franks* is substantively the same as that at issue herein, the Texas Court of Criminal Appeals' decision in *Franks* controls. To the extent Barzar claims that *Franks* was wrongly decided or that his federal constitutional rights have been violated notwithstanding the validity or applicability of *Franks*, the Fifth Circuit Court of Appeals has soundly rejected such claims. *See Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002) (holding that because petitioner was not eligible for mandatory supervision release based on the Texas Court of Criminal Appeals' decision in *Ex Parte Franks*, petitioner did "not have a constitutional claim for which relief can be granted"); *see also, e.g., Wade v. Quarterman*, 2009 WL 2591246 (S.D. Tex. 2009) (relying on *Franks* and *Arnold* for the dismissal of petitioner's due process, equal protection and ex post facto challenges to his ineligibility for mandatory supervision release where petitioner was convicted in 1988 of murder and sentenced to life imprisonment); *Rodriguez v. Quarterman*, 2009 WL 2170036 (S.D. Tex. 2009) (same). Barzar's claims are therefore not only time-barred, but without merit.

## V. **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Barzar's claims are time-barred, and that no relief is available on his claims in any event, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 15) be GRANTED, and that Timothy Allen Barzar's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 29th day of May, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE